Argued and submitted February 4, petition for judicial review in case number A51090 dismissed; case number A60946 affirmed March 6, 1991

Linda K. WILLIAMS,
*Petitioner,*

*v.*

DEPARTMENT OF INSURANCE
AND FINANCE,
*Respondent.*

(CA A51090 (Control))

The Insurance Commissioner's Refusal
to Conduct a Hearing Requested Pursuant
to ORS 731.240(1)

*and*

In the Matter of the Proposed Plan of
Acquisition of the Control of
Farmers Insurance Company of Oregon
by BATUS, Inc., and BAT Industries p.l.c.

Linda K. WILLIAMS,
*Appellant,*

*v.*

INSURANCE COMMISSIONER OF OREGON,
*Respondent,*

*and*

FARMERS INSURANCE COMPANY
OF OREGON,
*Intervenor - Respondent.*

(A8902-00727; CA A60946)
(Cases Consolidated)

806 P2d 1161

Gerald R. Pullen, Judge pro tempore.

Daniel W. Meek, Portland, argued the cause and filed the briefs for petitioner/appellant.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Rick T. Haselton, Portland, argued the cause for intervenor - respondent. With him on the brief were Linda Meng Seluzicki and Lindsay, Hart, Neil & Weigler, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner appeals from the circuit court's dismissal of the proceeding that she brought under ORS 732.540(5) to challenge the Insurance Commissioner's "orders" approving the acquisition of Farmers Insurance Company (Farmers) by BATUS, Inc., *see* ORS 732.505 *et seq*, refusing to hold a hearing on the proposed acquisition and denying petitioner's request to intervene.[1] We affirm.

Petitioner is a Farmers policyholder. The focal dispute is over whether the commissioner was required to hold a hearing on the proposed acquisition on petitioner's request. In her first assignment, she contends that the commissioner erred by not doing so.

ORS 732.523(5) provides:

"Any acquiring party or other person required to file the statement under this section may file with the statement or within 10 days thereafter a written request for a hearing on the acquisition. The insurer to be acquired may file with the director a written request for hearing on the acquisition within 10 days after the filing of the statement."

Under ORS 732.530(3):

"Any insurer or other party to the [acquisition] plan may, if it so desires, include with the filing, or file within 10 days thereafter, a written request for a hearing on the plan."

ORS 732.535 provides:

"(1) If a written request for a hearing has been duly filed or if, within 10 days after filing of the plan or statement, the director considers it necessary or advisable to hold a hearing, the director shall direct that a hearing upon the fairness of the proposed acquisition and other matters requisite to the director's approval be held.

"(2) The hearing shall be held within 30 days after the

---

[1] Because petitioner was uncertain about the applicable procedure, she filed a petition for judicial review in this court pursuant to ORS 183.482 (A51090), as well as bringing the circuit court proceeding (A60946). Under ORS 732.540(5), the latter was the proper and exclusive means of proceeding. Consequently, the petition for judicial review in case number CA A51090 is dismissed for lack of jurisdiction.

In some of the statutes that we cite and discuss, the Insurance Commissioner is referred to as director of the Department of Insurance and Finance, the correct title. We refer to him by the first title, as he is designated in the circuit court proceeding.

filing of the written request for a hearing or the director's order directing that a hearing be held at a time and place designated by the director and upon such reasonable notice to the persons described in subsection (3) of this section as the director may order. The notice shall be given by any one or more of the insurers or other parties to the proposed acquisition as directed by the director. The acquiring party shall bear the expense of providing the notice and, as security for the payment of the expense, shall file with the director a bond or other deposit in a form and amount acceptable to the director.

"(3)  The following persons shall have an opportunity to be heard at the hearing:

"(a)  Each insurer and other party to the proposed acquisition;

"(b)  Each person to whom it is proposed to issue securities in connection with the proposed acquisition;

"(c)  Each policyholder or shareholder of the insurers or other parties; and

"(d)  Each other person who may be adversely affected by the proposed acquisition."

■    The commissioner argues that those statutes do not permit a policyholder to request a hearing and do not require him to conduct a hearing or to provide hearing-related procedures when a policyholder so requests. Rather, he argues, the statutes permit only insurers, entities seeking to acquire them and the commissioner to request or initiate hearings.

Petitioner relies on ORS 731.240(1), a section in the chapter relating generally to the administration of the insurance laws:

"The director shall hold a hearing upon written demand for a hearing by a person aggrieved by any act, threatened act or failure of the director to act, or by any report, rule or order of the director."

Petitioner contends that that general provision includes a right to demand a hearing on a proposed acquisition governed by ORS chapter 732 and that it is therefore of no consequence that she is not among the persons whom the provisions of that chapter allow to demand a hearing. Petitioner states:

"The Director/Commissioner claims that ORS 732.530 somehow overrides and nullifies ORS 731.240(1), although he

has not attempted to explain why. His position is wrong, for at least 2 independent reasons."

Her first argument is that there is no conflict between ORS 731.240(1) and the ORS chapter 732 hearing provisions and that they can be "harmonized" in such a way that the hearing rights under them supplement one another. The commissioner responds that the specific provisions in ORS chapter 732 prevail over the general hearing provision in chapter 731. He then states:

> "The question is not whether two inconsistent provisions can be harmonized together, as petitioner assumes, but whether the legislature intended that they be. One should not lightly assume, as petitioner does, that the legislature intended that the limitations set out in chapter 732 would be 'harmonized' into nonexistence."

We agree. The provisions in ORS chapter 732 are comprehensive in defining acquisition procedures and who may request a hearing in connection with them. It defies belief that policyholders were intended to come within the category of "aggrieved" persons under ORS 731.240(1) for purposes of the commissioner's actions regarding acquisitions and thereby obtain the hearing rights that ORS chapter 732 clearly withholds from them.

Petitioner's second argument is that "ORS 732.535 itself contemplates an opportunity for policyholders to be heard"; therefore, it follows that they may demand hearings. Petitioner states that

> "ORS 732.535(1) requires the Director/Commissioner to conduct a hearing '[i]f a written request for a hearing has been duly filed.' It does not state that the written request must come from a party to the merger or acquisition."

Although petitioner's point is correct as far as it goes, it does not go far enough. The other provisions in ORS chapter 732 that we have quoted make it clear who may request hearings, and the words "duly filed" in ORS 732.535(1) obviously contemplate filings by those whom the companion statutes allow to file hearing requests. We do not agree with petitioner that ORS 732.535(1) confers a right to request a hearing on policyholders simply because it does not repeat the language of the other statutes that do not give them that right.

■    Petitioner also traces a right to request a hearing to the provision in ORS 732.535(3)(c) that policyholders may be heard at hearings. Petitioner reasons:

> "This shows that the Legislature considered policyholders to have a legitimate interest in a hearing on an insurance company merger. Thus, limiting the ORS 735.535(1) hearing requirement to requests only from merger parties and excluding all others would violate both the language of ORS 732.535(1) and the intent of ORS 732.535(1) and (3) read together."

That argument proves too much. ORS 732.535(3)(c) shows that the legislature was fully aware of the existence of policyholders and deemed that their interests justify participatory rights at any hearings that are held. Nevertheless, it did not confer on them the ability that the statutes expressly confer on others to initiate hearings.

We reject petitioner's assignment that the commissioner erred by refusing to conduct a hearing. Of her five remaining assignments, four are either adversely answered by our conclusion concerning the first or warrant no discussion.

■    Her other assignment is that the commissioner's order approving the acquisition contains unexplained inconsistencies with his rejection of an earlier proposal by BATUS, Inc., to acquire Farmers. ORS 183.484(4)(b)(B). The commissioner answers:

> "[T]he Director's July 14 order does not approve the acquisition but the December 9 order does. ORS 183.484(4)(b)(B), however, does not preclude the Director from changing his mind. Rather, it requires only that the change be explained. In this case, the Director did so. The December 9 order explains that BATUS addressed the concerns raised in the July 14 order by entering into certain Exchange Agreements, which, among other things, helped ensure that Farmers' lines of insurance would remain stable. Because the December 9 order explains at length why the Director reached a different result when BATUS reapplied, it satisfies ORS 183.484(4)(b)(B)."

We agree.[2]

---

[2] Farmers moved to dismiss the appeal on grounds of mootness and non-justiciability. We denied the motion. Farmers renews the motion in its brief, and we deny it again. Farmers also contends that petitioner did not have standing to bring the circuit court proceeding, because she is not an "insurer or other party to the proposed acquisition." ORS 732.540(5). Although Farmers' conclusion may be correct, that conclusion cannot be reached unless the merits of petitioner's principal argument are first considered and rejected. Whether the case is technically decided on the merits or on standing, the disposition is an affirmance of the trial court's dismissal.

Petition for judicial review in case number A51090 dismissed; case number A60946 affirmed.